United States District Court
Southern District of Texas
FILED

MAY 0 3 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SIDNEY M. FLETCHER | ) | |
| VS. | ) | CIVIL ACTION NO. B-02.086 |
| JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS) | ) | (JURY DEMANDED) |

**PLAINTIFF'S ORIGINAL PETITION**

1. Plaintiff brings this action to enjoin Defendant, JAMES W. ZIGLER, COMMISSION FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), from violating the provisions of Section 12131, et. seq. of 42 U.S.C.A. (Americans with Disabilities Act), hereinafter called ADA, Title VII of the Civil Rights Act of 1964, as amended, and the Rehabilitation Act of 1973, as amended, including the restraint of Plaintiff's transfer from the Harlingen Border Patrol Station to the El Paso Sector, Las Cruces Border Patrol Station.

2. Jurisdiction of this action is conferred on this Court by Section 12131, et seq. of 42 U.S.C.A. (Americans with Disabilities Act).

3. Defendant, JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), can be served with process by serving him at 425 I STREET NORTH WEST, WASHINGTON, D.C., 20536.

4.  At all times hereinafter mentioned, defendant, employed, and is now employing, employees in and about the entire United States. By reason of its activities as aforesaid, such employees were, and they are now engaged in the business of security the United States Borders.

5.  This is an action under Title 42 U.S.C. Section 12101 et. Seq. To correct unlawful employment practices on the basis of disability.

6.  All conditions precedent to jurisdiction have occurred or been complied with: an original complaint of discrimination was filed with the Department of Justice on or about May 9, 2000, and 180 days have elapsed since the formal complaint was filed.

7.  Defendant repeatedly has violated, and is now violating, the provisions of Sections 12131 of 42 U.S.C.A., Title VII of the Civil Rights Act of 1964, as amended, and the Rehabilitation Act of 1973, as amended.

8.  Defendant repeatedly has violated, and is now violating the provisions of the aforementioned acts by failing to grant Plaintiff a transfer from the Harlingen, Texas Border Patrol Station to the Las Cruces Border Patrol Station pursuant to his request under the Compassionate Transfer Program for employees of the Immigration and Naturalization Service (INS). Said refusal to grant his transfer of employment has resulted in great mental stress and depression for which Plaintiff has had to endure since February 2000.

9. Plaintiff asserts that Defendant's actions, in the nature of extreme and outrageous conduct, was intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Defendant's actions caused Plaintiff mental as well as physical pain. As a result of Defendant's actions, Plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of this court. Plaintiff sues the Defendant as a result of such action.

10. By reason of the allegations of this Petition, Plaintiff is entitled to recover attorneys fees in a sum that are reasonable and necessary. In this connection, Plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist him in the prosecution of this action. A reasonable attorney's fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Plaintiff further seeks attorney, expert and litigation fees and expenses as permitted.

11. Plaintiff has suffered the following injuries and damages as a direct result of defendant's conduct:

1) Emotional Distress;
2) Mental and physical anguish;
3) Loss of consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations.
4) Loss of consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or solace, companionship, protection, services, and/or physical relations.

Wherefore, cause having been shown, Plaintiff prays for judgment permanently enjoining and restraining Defendant, its officers, agents, employees, and all persons acting or claiming to act on its behalf and interest from violating the provisions of Section 12131, et. seq. of 42 U.S.C.A. (Americans with Disabilities Act), hereinafter called ADA, in precluding Plaintiff from transferring to the El Paso Sector, Las Cruces Border Patrol Station, and for such other and further relief as may be necessary and appropriate.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court grant the following:

a) Judgment against defendant for Plaintiff's damages;
b) Prejudgment interest as allowed by law;
c) Attorney, expert and litigation fees and expenses;
d) Interest on said judgment at the legal rate from date of judgment;
e) Costs of suit herein; and
f) Such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICE OF ADOLFO E. CORDOVA, JR.
711 N. SAM HOUSTON
SAN BENITO, TEXAS 78586
(956) 399-1299
(956) 399-4484 - FAX

BY: _____
ADOLFO E. CORDOVA, JR.
STATE BAR #00787287
ATTORNEY FOR PLAINTIFF