IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 3 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| SIDNEY M. FLETCHER,<br>     Plaintiff, | *<br>*<br>* |
| v. | *   CIVIL ACTION NO. B-02-086 |
| | * |
| JAMES W. ZIGLER, Commissioner for the<br>Immigration and Naturalization Service,<br>     Defendant. | *<br>*<br>* |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, JAMES W. ZIGLER, Commissioner of the Immigration and Naturalization Service (INS) by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, submits the following as his Answer to the Plaintiff's Original Petition:

1. This paragraph is an introductory paragraph that contains arguments of counsel; as such, no response is required. To the extent that this Court may require a response, the Defendant denies the allegations of this paragraph.

2. The allegations in paragraph 2 of the complaint set forth plaintiff's allegations of jurisdiction to which no response is required. To the extent the Court requires a response, the allegations are denied.

3. Admit.

4. Admit.

5. This paragraph contains argument of counsel; therefore, no response is required. The Defendant denies that he engaged in an unlawful

employment practice when he denied Plaintiff's request for a Compassionate Transfer.

6. Admit, except that Defendant's records show that Plaintiff's formal complaint was filed on May 31, 2000 as opposed to May 9, 2000.

7. This paragraph contains argument of counsel; therefore, no response is required. To the extent that a response is required, the Defendant denies the allegations herein. The Defendant did not engage in an unlawful employment practice when he denied Plaintiff's request for a Compassionate Transfer. Plaintiff did not meet the criteria allowing for the granting of a Compassionate Transfer and Plaintiff's claims that he had a mental disability did not rise to the level of that defined under the Rehabilitation Act of 1973 and the Americans with Disabilities Act.

8. The allegations of this paragraph are denied.

9. This paragraph contains argument of counsel; therefore, no response is required. To the extent that a response is required, the Defendant denies the allegations herein. The Defendant did not engage in an unlawful employment practice when he denied Plaintiff's request for a Compassionate Transfer.

10. This paragraph contains argument of counsel; therefore, no response is required. To the extent that a response is required, the Defendant denies the allegations herein. The Defendant did not engage in an unlawful employment practice when he denied Plaintiff's request for a Compassionate Transfer. The Plaintiff is not entitled to recovery of

attorney's fees.

11. No answer is required to the allegations in paragraph 11 of the complaint because the allegations are in the nature of a prayer for relief. To the extent that an answer is deemed necessary, however, Defendant denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

In accordance with Rule 8(c) of the Federal Rules of Civil Procedure, Defendant hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to take action to mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

Defendant did not discriminate against the Plaintiff when he denied Plaintiff's request for a Compassionate Transfer.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff did not meet the criteria allowing for the granting of a Compassionate Transfer.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims that he had a mental disability did not rise to the level of that defined under the Rehabilitation Act of 1973 and the Americans with Disabilities Act.

WHEREFORE, Defendant requests that Plaintiff's Original Complaint be dismissed with prejudice, and that all relief requested be denied. Defendant requests

all other relief, both law and equity, to which it is entitled.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 East Harrison St., No. 201
Brownsville, TX 78520
Tel:  (956) 548-2554
Fax:  (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing:

DEFENDANT'S ANSWER PLAINTIFF'S ORIGINAL PETITION

was mailed via certified mail, return receipt requested to Plaintiff's Attorney of Record:

Mr. Adolfo E. Cordova
Attorney at Law
711 N. Sam Houston St.
San Benito, Texas 78586

September 3, 2002
Date

NANCY L. MASSO
Assistant United States Attorney