**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Souther: District of Texas
FILED

OCT 2 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SIDNEY M. FLETCHER, | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. B-02-086 |
| | * | |
| JAMES W. ZIGLER, Commissioner for the | * | (Jury Demanded) |
| Immigration and Naturalization Service,[1] | * | |
|     Defendant. | * | |

***AMENDED JOINT DISCOVERY/CASE MANAGEMENT PLAN***
***UNDER RULE 26(f) OF THE***
***FEDERAL RULES OF CIVIL PROCEDURE***

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiff, Sidney Fletcher, through his attorney of record, David Joe, and the Defendant, by and through Michael T. Shelby, United Sates Attorney for the Southern District of Texas, submits this proposed "Amended Joint Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure" for the Court's consideration and approval:

**1.    State where and when the meeting of parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

*ANSWER*:

    The parties discussed the deadlines proposed herein via telephone calls and E-mail exchanges commencing on September 29, 2003, through the date of submission to the Court.

**2.    List the cases related to this one that are pending in any state or federal court with the    case number and court.**

*ANSWER*:

    There are no related cases pending.

**3.    Specify the allegation of federal jurisdiction.**

*ANSWER*:

    Federal jurisdiction arises as a result of a federal question pursuant to 12131, *et. seq.* of 42 U.S.C.A. (Americans with Disabilities Act), hereinafter called ADA, Title VII of the Civil Rights Act of 1964, as amended, and the Rehabilitation Act of 1973, as amended.

---

    [1]At the time this lawsuit was filed the Immigration and Naturalization Service (INS) existed under the control and administration of the United States Department of Justice. The functions of the INS have since been placed under the control and administration of the United States Department of Homeland Security. The Secretary of the United States Department of Homeland Security presently is Tom Ridge.

4.    **Name the Parties who disagree and the reasons.**

*ANSWER*:

   None.

5.    **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

*ANSWER*:

   None.

6.    **List anticipated interventions**.

*ANSWER*:

   None.

7.    **Describe class action issues.**

*ANSWER*:

   None.

8.    **State whether each party represents that it has made initial disclosures required by Rule 26(a). If not, describe what arrangements have been made to complete the disclosures.**

*ANSWER*:

   Neither party has made Rule 26 disclosures; the parties have agreed to make such disclosures by November 3, 2003. The Defendant submits that it will have few–if any–Rule 26 Disclosures because the relevant documents presently in its possession are documents that Plaintiff should already have in his possession by way of the EEO/administrative process that occurred prior to Plaintiff's filing of this lawsuit.

9.    **Describe the proposed agreed discovery plan, including:**

   A.    **Responses to all the matters raised in Rule 26(f).**

*ANSWER*:

   (1)    Any remaining disclosures required by Rule 26(a) will be made by November 3, 2003;

   (2)    At this time, the parties do not anticipate a need to place limitations on discovery;

   (3)    No additional limitations or court orders regarding discovery are anticipated at this time.

   B.    **When and to whom the plaintiff anticipates it may send interrogatories.**

*ANSWER*:

Plaintiff anticipates sending interrogatories to Defendant on or by February 15, 2004.

**C.     When and to whom the defendant anticipates it may send interrogatories.**

_ANSWER_:

Defendant anticipates sending interrogatories to Plaintiff on or by February 15, 2004.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

_ANSWER_:

Plaintiff anticipates taking the deposition of the Defendant or his representative, plaintiff's medical providers, plaintiff's supervisors, and possibly some of plaintiff's co-workers by May 15, 2004.

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

_ANSWER_:

Defendant anticipates taking the Plaintiff's deposition by March 15, 2004.

**F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

_ANSWER_:

Plaintiff will be able to designate experts by April 1, 2004.

**G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

_ANSWER_:

Plaintiff can complete expert depositions by May15, 2004.

**H.     List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

_ANSWER_:

Defendant can complete expert depositions by June15, 2004.

**10.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

_ANSWER_:

Not applicable.

**11.     Specify the discovery beyond initial disclosures that has been undertaken to**

date.

*ANSWER*:

There has been no formal discovery.

**12.    State the date the planned discovery can reasonably be completed.**

*ANSWER*:

Discovery can be completed by July 1, 2004.

**13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

*ANSWER*:

The parties plan to continue to discuss settlement possibilities; however, settlement does not appear to be imminent at this time.

**14.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

*ANSWER*:

To date, the parties have been cooperative in the informal exchange of information and, as indicated, will continue to discuss any options that may lead to a resolution of the case.

**15.    From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

*ANSWER*:

The parties do not oppose a mediation of this case; however, Defendant prefers that any such mediation be conducted after it has had an opportunity to consider any amended pleadings the Plaintiff may file and/or file and receive a decision on an anticipated motion for full or partial summary judgment Defendant plans to file.

**16.    Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

*ANSWER*:

The parties are not able to agree to a trial before a magistrate judge.

**17.    State whether a jury demand has been made and if it was made on time.**

*ANSWER*:

Plaintiff has made a timely demand for a jury.

**18.    Specify the number of hours it will take to present the evidence in this case.**

*ANSWER*:

16 hours.

**19.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

_ANSWER_:

An initial pre-trial conference has already been held in this case. However, Plaintiff anticipates filing a motion for leave to amend his complaint no later than November 15, 2004.

**20.   List other motions pending.**

_ANSWER_:

None.

**21.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

_ANSWER:_

None.

**22.   List the names, bar numbers, addresses, and telephone numbers of all counsel.**

_ANSWER_:

*Counsel for Plaintiff:*

By: Nancy L. Masso w/ Permission          October 21, 2003
                                          Date

David R. Joe
Attorney at Law
Brewer, Brewer, Anthony, & Middlebrook
1702 E. Tyler, Suite 1
Harlingen, TX 78550
Tel:    (956) 428-5500
Fax:    (956) 428-5518
Texas State Bar No.  24003872
Federal I.D. No.  34002

*Counsel for Defendant:*

                                          October 21, 2003
                                          Date

Nancy L. Masso
Assistant U. S. Attorney
U. S. Attorney's Office
600 E. Harrison St., No. 201
Brownsville, TX 78522
TEL:   (956) 548-2554
FAX:   (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263